**Law Office of William P. Perniciaro**
**84 New Dorp Plaza**
**Staten Island, NY 10306**

Phone 718-667-5000
Fax 718-667-0798

William Perniciaro
New York and New Jersey Bar Admission

New Jersey Office:
615 Chesterfield-Arnystown Road
Trenton, New Jersey 08620
609-291-0355

May 17, 2019

**VIA ECF**

Judge Denis R. Hurley
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re:  Hilton Jones v. County of Nassau, et al**
      **Civil Action Number: 19-01764**

Your Honor:

Please allow this letter to advise the court as to my efforts to serve the Complaint in this matter.

This is a Civil Rights action, filed under 42 U.S.C. §1983, on March 27, 2019 against the County of Nassau and five (5) police officers from the Nassau County Police Department. The case alleges that the officers inflicted excessive force during a routine traffic stop.

There are also Pendant state law claims which required service of a Notice of Claim upon the county under New York Municipal Law §50-h.  This service occurred on June 27, 2018, almost a year ago.  On September 17, 2018, the county held a four (4) hour 50-h hearing (basically a deposition of my client) to familiarize itself with the case. Thus both the county and the individual officers are very well acquainted with the allegations.  Indeed we have been conferring directly with counsel for the county attorney for months.

On April 27, 2019, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, I forwarded, to Jared A. Kasschau, Esq., the

Nassau County Attorney, a copy of the Civil Complaint, two (2) copies of Form AO-399 ("Wavier of the Service of the Summons") for each defendant, and a prepaid means for returning the forms.

Yesterday, via email, I received a request for a thirty (30) day extension to "Answer" the Complaint. I responded by indicating that, under FRCP 4(d)(3), the Defendants are automatically afforded sixty (60) days to Answer, which would be June 26, 2019. All that is required is to waive service which merely acknowledges service and does not waive any defenses. In response the county indicates it cannot waive service for the county or the individual officers for thirty (30) more days.

I am certain the court wants my office to promptly secure (personal) jurisdiction over all the parties. Thus here is how I am proceeding so as not to waste any time.

I will wait the thirty (30) days set forth in Rule 4 for the defendants to waive service. Fairness, and indeed the Rule requires this. This will bring us to May 27, 2019. On that day I will serve the county and the officers by traditional means. I can use this lead time to obtain Summonses from the court which I am applying for today.

Once service is secured and I file the return of such service, I will proceed with the Motion set forth in Rule 4(d)(2) for:

    (A) the expenses later incurred in making service; and

    (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

I thank you for your time and regret this imposition.

Sincerely Yours,

_William Perniciaro_

**WILLIAM PERNICIARO**
WPP:km

cc: Robert M. Beecher
     Rondese Hilton-Jones